UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roderquiz Rozelle Cook, # 71582, | ) | C/A No. 6:11-0458-TLW-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| Sheriff James Metts; Lexington County Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      The plaintiff, Roderquiz Rozelle Cook ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at Lexington County Detention Center and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names as defendants the Lexington County Detention Center and the Sheriff of Lexington County.  The complaint claims violation of Plaintiff's constitutional rights based on various conditions of confinement, such as overcrowding; roaches and rats; lack of smoke alarms and sprinklers; lack of heat in the winter; cold showers and food; payment of $5 for medical services and $5 for prescriptions; and failure to provide requested copies of laws.  Plaintiff claims the facility should be condemned.  He seeks only injunctive relief, in the form of requiring Defendant Metts to use state funding received for the facility to remedy the various conditions, including installing a law library.

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

**Discussion**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

2

The Defendant Lexington County Judicial Center is a building or facility, not a "person" subject to liability under § 1983. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, this Defendant is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D.Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Defendant Lexington County Judicial Center should be dismissed as a Defendant in this case.

The complaint states: "James Metts is at the head of this facility. He decides where and on what the facility utizles [sic] the funds provided by the state. So that is why my complaint is against him." The United States Court of Appeals for the Fourth Circuit has considered the role of sheriffs in the state of South Carolina and has specifically determined that, in their official capacities, South Carolina's sheriffs are immune from federal lawsuits seeking damages and/or retrospective injunctive relief because they are agents of the government of South Carolina. *See Cromer v. Brown*, 88 F.3d 1315 (4th Cir.1996) (South Carolina sheriffs are arms of the state and entitled to Eleventh Amendment immunity from a claims for damages in their official capacity); *Drake v. Ham*, No. 3:06-1611-MJP, 2007 WL 2580629, at *5 (D.S.C. August 16, 2007) (same). In his official capacity, Sheriff Metts has Eleventh Amendment immunity in this § 1983 action.

In as much as the complaint can be construed as seeking injunctive relief against Sheriff Metts, in an individual capacity, the relief sought is not available. The

3

complaint seeks: "First simply order Sheriff Metts to untizle [sic] the funds that are provided by the state to house detainees in a better form. ... Secondly a portion of the funds should be used to install a law libaray [sic]."  The request for relief seeks an order from this Court that would direct a state official on how to spend state funds, which is essentially mandamus relief.  Mandamus relief is available to compel a governmental body to perform an act required by law when it has refused to do so.  Such mandamus relief is not available in this case.  Mandamus relief is available only when the litigant has a clear right to the relief sought.  *In re First Fed. Sav. & Loan Ass' n*, 860 F.2d 135, 138 (4th Cir.1988).  Plaintiff does not have a right to direct a state official on how state funds are spent.  Further, mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976); *United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir.2003).  The complaint in this case does not present extraordinary circumstances, and Plaintiff has not shown entitlement to the drastic remedy of mandamus relief.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process.  28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **The plaintiff's attention is directed to the notice on the following page.**

April 8, 2011                                  s/Kevin F. McDonald
Greenville, South Carolina          United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).